UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROSEFERIN INVESTMENTS, LLC, et al. )
)
Plaintiffs, )
)
v. )   No. 1:19-cv-02581-JRS-TAB
)
CLAYTON MORRIS, et al. )
)
Defendants. )

**Order on Motion to Dismiss (ECF No. 29)**

Invoking this Court's diversity jurisdiction, Plaintiffs Roseferin Investments, LLC

and Debra Rose (collectively "Plaintiffs" or "Roseferin") bring various common-law

claims against Clayton Morris, Morris Invest, LLC, Nicole Meckley, Linzi Del Conte,

Dave Koehn, Blue Sky Property Management, LLC ("Blue Sky"), Pam Strickland,

and Kate Frederico (collectively, "Defendants")[1].  (Am. Compl., ECF No. 12.)  Rose-

ferin Investments, LLC, an entity owned by Debra Rose, purchased a home in Indi-

anapolis from Defendants.  Plaintiffs purchased the home as an investment property,

intending to lease it and collect rent.  Plaintiffs allege that Defendants failed to fulfill

their obligations by not rehabilitating the property, not marketing the property to

prospective tenants, not generating rent from the property, and not managing the

---

[1] Plaintiffs also name Steve Rogers, Oceanpointe Investments, Oceanpointe Property, LLC, Oceanpointe Holdings, LLC, Oceanpointe Property Management, LLC, Bert Whalen, and Natalie Bastin, as defendants, but they are not parties to this Motion to Dismiss.

property, leaving Plaintiffs with an uninhabitable home.  Roseferin brings the follow-ing claims: breach of contract, fraud, fraud in the inducement, promissory estoppel, unjust enrichment, and offense against property.

Defendants now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  For the following reasons, Defendants' Motion to Dismiss (ECF No. 29) is **denied in part** and **granted in part**.

## I.    Background[2]

Plaintiffs' First Amended Complaint ("Amended Complaint") alleges that Clayton Morris and Morris Invest are engaged in the business of recruiting real estate inves-tors from outside the State of Indiana to purchase real estate within Indiana.  (Am. Compl., ECF No. 12 at 5.)  Clayton Morris, through Morris Invest, advertises himself and Morris Invest as real estate investors and offers courses on real estate investment in order to solicit potential investors.  (*Id*. at 6.)  Through Morris Invest, Clayton Morris, Nicole Meckley, Linzi Del Conte, and Dave Koehn presented several property to Plaintiffs and marketed property management services as part of the purchase of the home, including rehabilitation of the property, marketing the property to prospec-tive tenants, rent generation, and management of the property.  (*Id*.)  Plaintiffs also allege that Blue Sky, Pam Strickland, Steve Rogers, and Kate Federico recruited real estate investors and presented real estate investment opportunities to investors, in-cluding Plaintiffs.  (*Id*.)

---

[2] Consistent with the Rule 12(b)(6) standard, Plaintiff's non-conclusory allegations are taken as true for purposes of Defendants' motion to dismiss.

On December 13, Roseferin purchased a property located at 3037 Station Street, Indianapolis, IN. (*Id.* at 7; ECF No. 12-1 at 2, 8.)[3] Plaintiffs allege that Defendants represented that the property was being sold by Defendants, that Defendants would rehabilitate the property, that Defendants would market the property to prospective tenants, and that Defendants would manage the property. (Am. Compl., ECF No. 12 at 6.) Defendants represented that the Plaintiffs were purchasing a "turn-key" real estate investment property. (*Id.* at 7.) The property was never rehabilitated, nor did it generate any rental income for Plaintiffs. (*Id.* at 8.)

On the Purchase Agreement for the property purchased by Roseferin, Clayton Morris signed his name under "Seller's Signature." (ECF No. 12-1 at 6.) However, the American Land Title Association Settlement Statement and Sales Disclosure Form list "Oceanpointe Investments" as the seller of the property. (*Id.* at 8, 15.) Natalie Bastin signed these documents as a member of Oceanpointe Investments. (*Id.*)

The Purchase Agreement states: "The purchase price above includes the rehabilitation of this property should the property require any renovations to achieve rentable conditions." (ECF Nos. 12-1 at 5.) The Agreement does not contain any terms referencing marketing the property to prospective tenants, rent generation, or management of the property.

---

[3] The Court may consider the Purchase Agreements, ALTA Closing Statement, and Sales Disclosure Form attached to Plaintiffs' Amended Complaint in ruling on Defendants' Motion to Dismiss. *See* Fed. R. Civ. Pr. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## II.    Legal Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In considering a Rule 12(b)(6) motion to dismiss, the court takes the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor.  *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019).  The Court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

"[I]f a plaintiff pleads facts that show its suit [is] barred . . . , it may plead itself out of court under a Rule 12(b)(6) analysis." *Orgone Capital*, 912 F.3d at 1044 (quoting *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995)); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (quoting *Hamilton v. O'Leary,* 976 F.2d 341, 343 (7th Cir. 1992)) (on a motion to dismiss "district courts are free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim'"). "When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity . . . to amend the complaint to correct the problem if possible." *Bogie*, 705 F.3d at 608.  Nonetheless, leave to amend need not be given if amendment would be futile. *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962).

## III.    Discussion

### A. *Breach of Contract*

Defendants argue that Plaintiffs' breach of contract claim must be dismissed for the following reasons: the Purchase Agreement does not contain terms related to marketing, rent generation, or property management, the Purchase Agreement contains

an integration clause, barring any prior and/or subsequent agreements, and Natali Morris, Morris Invest, Nicole Meckley, Linzi Del Conti, Dave Koehn, Blue Sky Management, Pam Strickland, and Kate Federico are neither parties nor signatories to the Purchase Agreements.

In response, Plaintiffs argue that although there is no written agreement regarding securing tenants or property management, Defendants sold Plaintiffs a "turn-key" property, making them a party to an investment contract with Plaintiffs.  Plaintiffs dispute that the integration clause in the Purchase Agreements prevents them from introducing extrinsic evidence relating to the rehabilitation, rent generation, or management of the property.  Lastly, Plaintiffs maintain that all the defendants were involved in selling them a "turn-key" property.

In reply, Defendants argue that Plaintiffs cannot embellish the contractual obligations in the Agreement with the use of the word "turnkey" which does not appear in the Agreement.  Defendants also argue that the terms of the Agreement are clear and unambiguous, rendering any extrinsic evidence inadmissible to add to, vary, or explain the terms of the contract.

1. <u>Rent Generation and Property Management</u>

The Purchase Agreement does not contain any provisions requiring any party to market the property to prospective tenants, generate rental income, or manage the property.  Plaintiffs argue that even though the Purchase Agreement does not include express terms regarding securing tenants or managing the property, that does not negate the possibility that the parties entered into an agreement regarding those

5

matters at some point.  But the Purchase Agreement contains an integration clause, which provides: "This Agreement constitutes the sole and only agreement of the parties and supersedes any prior understandings or written or oral agreements between the parties' respecting the transaction and cannot be changed except by their written consent."  (ECF No. 12-1 at 5.)  Plaintiffs have not alleged that the Purchase Agreement was changed by both parties' written consent, as required by the Purchase Agreements and the Indiana Statute of Frauds.  *See* IND. CODE § 32-21-1-1.

Plaintiffs also argue that Defendants' role in selling Plaintiffs a "turn-key" investment scheme makes Defendants parties to an investment contract with Plaintiffs. While not entirely clear from their brief, Plaintiffs argument seem to argue that in selling Plaintiffs the property, Defendants unlawfully sold them an unregistered security.  But Plaintiffs did not allege violations of any securities laws in their Amended Complaint, and they cannot do so now.  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (plaintiffs may not amend their complaint in their brief in response to the motion to dismiss).

Additionally, Plaintiffs' reliance on *Neurology & Pain Mgmt. Assocs., P.C. v. Bunin,* No. 3:17-CV-035 JD, 2018 WL 3830059 (N.D. Ind. Aug. 13, 2018), is unpersuasive.  In *Bunin*, the Court found that the plaintiff had stated sufficient facts to support a plausible claim for breach of contract, despite the fact that the contract lacked signatures and contained blank spaces regarding the defendant's compensation and scope of work.  *Id.* at *3.  The Court reasoned that the plaintiff sufficiently alleged that the parties accepted and acted pursuant to the contract's terms, despite the lack

6

of signature and blank spaces. *Id.* In contrast, Roseferin has not alleged facts that would support a plausible claim for breach of contract regarding rent generation and managing the property. The Purchase Agreement contains no language about these obligations and specifically state that the Purchase Agreement is the sole and only agreement of the Parties. Also, Defendants here did not act to generate rents or manage the properties. Accordingly, Plaintiffs' breach of contract claim pertaining to rent generation and property management is **dismissed**.

2. <u>Rehabilitation</u>

The Purchase Agreement states: "The purchase price above includes the rehabilitation of this property should the property require any renovations to achieve rentable conditions." (ECF No. 12-1 at 5.) The Purchase Agreement is signed by Clayton Morris above the line "Seller's Signature". (*Id.* at 6.) Although the ALTA Closing Statements and Sales Disclosure Form list Oceanpointe Investments as the seller, at this stage in the proceedings, Plaintiffs have sufficiently pleaded that Morris was a party to the Purchase Agreement and breached that agreement by failing to rehabilitate the property.

However, Plaintiffs have not sufficiently pleaded that Natali Morris, Morris Invest, Nicole Meckley, Linzi Del Conte, Dave Koehn, Blue Sky Property Management, Pam Strickland, or Kate Federico were parties to the Purchase Agreement. The latter Defendants did not sign the Purchase Agreement, nor have Plaintiffs even alleged that they were parties to the agreement. As such, they cannot be held liable for the failure to rehabilitate the property.

Thus, Plaintiffs' breach of contract claim for the rehabilitation of the property **may proceed** against Defendant Clayton Morris, but is **dismissed** as to Natali Morris, Morris Invest, Nicole Meckley, Linzi Del Conte, Dave Koehn, Blue Sky Property Management, Pam Strickland, and Kate Federico.

### B. Fraud

Plaintiffs next allege that Defendants intended to deceive Plaintiffs by representing that they were receiving a "turn-key" real estate investment. Defendants argue that Plaintiffs have not pleaded fraud with the specificity required by Rule 9(b), that the alleged misrepresentations relate to future conduct or opinion and therefore cannot be the subject of a claim for fraud, and that the fraud claim is merely a repackaged version of its breach of contract claim. In response, Plaintiffs set out the "who, what, where, when, and how" of its fraud claim, and argue that Defendants' statements were not promises of future conduct but statements of existing fact about the nature of the investment product Defendants sold to Plaintiffs.

Under Indiana law, a claim for fraud exists when there is "a material misrepresentation of past or existing fact made with knowledge of or reckless disregard for the falsity of the statement, and the misrepresentation [is] relied upon to the detriment of the relying party." *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 675 (Ind. 1997) (citations omitted). "Actual fraud may not be based on representations of future conduct, on broken promises, or on representations of existing intent that are not executed." *Am. Heritage Banco, Inc. v. McNaughton*, 879 N.E.2d 1110, 1115 (Ind. Ct.

App. 2008), *as modified* (Nov. 13, 2008) (citing *Wallem v. CLS Indus., Inc.*, 725 N.E.2d 880, 889 (Ind. Ct. App. 2000)).

Federal Rule of Civil Procedure 9(b) requires plaintiffs pleading fraud to do so with particularity. To comply with Rule 9(b), a plaintiff must state with particularity the circumstances constituting fraud, including the "identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008). The rationale underlying Rule 9(b) is to provide the defendant with fair notice and protect a defendant's reputation from unfair harm and "fishing expeditions." *See Hirata Corp. v. J.B. Oxford & Co.,* 193 F.R.D. 589, 592 (S.D. Ind. 2000) "Rule 9(b) achieves this result by 'forc[ing] the plaintiff to do more than the usual investigation before filing his complaint.'" *Id.* (quoting *Ackerman v. Northwestern Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999), *cert. denied*, 528 U.S. 874 (1999)). Plaintiffs have failed to do so here.

Plaintiffs have not named the individual or individuals who made the misrepresentations to them. Plaintiffs merely allege that "Defendants represented" that the property would be sold, rehabilitated, marketed to prospective tenants, and managed by Defendants. (Am. Compl. ¶¶38-40, ECF No. 12.) Such general and conclusory allegations do not put Defendants on notice as to who exactly is alleged to have made

what misrepresentation. *See Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (citations omitted) ("A complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient.").

Nor have Plaintiffs plead the time, place, and method of communication related to the misrepresentation. In their Response Brief, Plaintiffs state that the fraudulent statements were made "leading up to and directly after Plaintiffs purchased the property." Even if this allegation were particular enough to meet Rule 9(b)'s stringent pleading requirements, that statement is not contained in their Amended Complaint. Plaintiffs cite to paragraphs 44-48 of their Amended Complaint, but these paragraphs merely state that misrepresentations were made "on several occasions," with no further detail. Plaintiffs also state in their Response Brief that "plaintiffs were in California and the Morris Defendants were in New Jersey and Indianapolis at the time the misrepresentations were made" and cite to paragraphs 3-18 of their Amended Complaint. The Amended Complaint does not contain this allegation. The cited paragraphs simply list the citizenship of each party for purposes of jurisdiction. This is not sufficient. *See Pirelli Armstrong,* 631 F.3d at 448 (plaintiffs may not amend their complaint in their brief in response to the motion to dismiss). Lastly, Plaintiffs state in their Response Brief that the misrepresentations were communicated "in written materials, verbally and in emails." Yet again, the Amended Complaint does not contain this allegation. Without more specifics, Defendants cannot be expected to parse all communications that occurred between themselves and Plaintiffs in order to determine which might possibly qualify as fraudulent in Plaintiffs' opinion.

10

Because Plaintiffs have failed to plead their fraud claim with particularity as required by Rule 9(b), the Court need not address the Defendants' other arguments in support of dismissal.  Plaintiffs' fraud claim is **dismissed**.

### C. *Fraud in the Inducement*

A claim for fraud in the inducement must also comply with Rule 9(b)'s heightened pleading standard.  *See* F.R.C.P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  As explained above, Plaintiffs have failed to plead with particularity the "who, what, when, where, and how" of Defendants' alleged misrepresentations.  Therefore, Plaintiffs' fraud in the inducement claim similarly is **dismissed**.

### D. *Promissory Estoppel*

Plaintiffs allege that "Defendants made promises to Plaintiffs that the property would be constructed to make the property tenant rent ready" and that Plaintiffs reasonably relied on those promises.  (Am. Compl., ECF No. 12 at 10.)  Defendants argue that Plaintiff's promissory estoppel claim must be dismissed because Plaintiffs did not plead Defendants' alleged fraudulent actions with particularity, as required by Federal Rule of Civil Procedure 9(b), because Indiana law does not permit claims for promissory estoppel that are founded on a written contract between the parties, and because Plaintiffs did not properly plead their promissory estoppel claim in the alternative.  Plaintiffs dispute that it must comply with 9(b)'s heightened pleading standard, and argue that if they had to, they have sufficiently pleaded the "who, what, where, when, and how" of the fraud.

11

"[A] party asserting promissory estoppel must establish five elements: (1) a promise by the promissor (2) made with the expectation that the promisee will rely thereon (3) which induces reasonable reliance by the promisee (4) of a definite and substantial nature and (5) injustice can be avoided only by enforcement of the promise." *Grdinich v. Plan Comm'n for Town of Hebron*, 120 N.E.3d 269, 279 (Ind. Ct. App. 2019) (internal quotation marks and citations omitted).  However, promissory estoppel permits recovery only where no contract in fact exists.  *Indiana Bureau of Motor Vehicles v. Ash, Inc.*, 895 N.E.2d 359, 367 (Ind. Ct. App. 2008).  Plaintiffs' promissory estoppel claim "emerge[s] out of a pattern of fraudulent conduct [Plaintiffs] insinuate[ ] the [Defendants] engaged in."  *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 950 (7th Cir. 2013).  Therefore, this claim falls under the Rule 9(b) requirement that allegations of fraud must be plead with particularity.  *Id.*

The Court has found that no contract exists between Roseferin and the Defendants, other than Clayton Morris, with respect to the rehabilitation, rent generation, and management of the property, so while these claims could not be pursued against Clayton Morris, Plaintiffs would not be barred from pursuing these claims against the other Defendants under a promissory estoppel cause of action.  However, as the Court explained above in Section B, Plaintiffs have not sufficiently pleaded the "who what, when, where, and how" of Defendants' alleged misrepresentations pursuant to Rule 9(b).  Therefore, Plaintiffs' promissory estoppel claim is **dismissed** against all Defendants.

### E. *Unjust Enrichment*

Plaintiffs allege that Defendants' retention of the payments made by Plaintiffs is unjust, as Defendants never repaired the property as promised. Defendants again argue that Plaintiffs' unjust enrichment claim sounds in fraud and is subject to Rule 9(b)'s heightened pleading standards. The Court agrees. Although unjust enrichment is not a fraudulent tort, "Rule 9(b) applies to 'averments of fraud,' not [just] claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (citations omitted). "A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Id.* Plaintiffs' unjust enrichment claim emerges from a pattern of fraudulent conduct that Plaintiffs insinuate Defendants engaged in, *i.e.* selling a debilitated property with no intention of repairing or managing it, despite such promises. Because Plaintiffs have not plead Defendants' alleged misrepresentations with the required specificity, their unjust enrichment claim must be **dismissed**.

### F. *Offense Against Property*

Lastly, Plaintiffs allege that Defendants fraudulently accepted money from Plaintiffs in exchange for a "turnkey" real estate investment property that Defendants had no intention or ability to provide to Plaintiffs and that Defendants made statements that were misleading in order to defraud Plaintiffs. Plaintiffs' offense against property claim also sounds in fraud and is subject to Rule 9(b), yet fails to allege any

13

misrepresentations with the requisite detail. Accordingly, Plaintiffs offense against property claim is **dismissed**.


## IV.    Conclusion

For the reasons stated above, Defendants' motion to dismiss is **denied in part** and **granted in part**. Plaintiffs' breach of contract claim against Natali Morris, Morris Invest, Nicole Meckley, Linzi Del Conte, Dave Koehn, Blue Sky Property Management, Pam Strickland, and Kate Federico is **dismissed**. Plaintiffs' fraud claim against all Defendants is **dismissed**. Plaintiffs' fraud in the inducement claim against all Defendants is **dismissed**. Plaintiffs' promissory estoppel claim against all Defendants is **dismissed**. Plaintiffs' unjust enrichment claim against all Defendants is **dismissed**. Plaintiffs' Offense Against Property claim against all Defendants is **dismissed**.

However, Plaintiffs are **allowed twenty-one days** within which to file an amended complaint to address the deficiencies identified in this order, provided Plaintiffs can do so consistent with counsel's obligations under Fed. R. Civ. P. 11. Otherwise, these claims will be dismissed with prejudice.

Plaintiffs' breach of contract claim regarding Clayton Morris's failure to rehabilitate the property **may proceed**. The Parties are encouraged to confer with the Magistrate Judge regarding settlement prior to trial.

**SO ORDERED.**

14

Date:  8/7/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution via EM/ECF to all registered parties.

15